## KAMP v. UNITED STATES.
### No. 9819.

United States Court of Appeals
District of Columbia Circuit.
Argued Oct. 19, 1948.
Decided Dec. 13, 1948.

Mr. John J. Wilson, of Washington, D. C. with whom Mr. Jo. V. Morgan, Jr., of Washington, D. C., was on the brief, for appellant.

Mr. William Hitz, Assistant United States Attorney, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, of Washington, D. C., was on the brief, for appellee. Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant has been convicted of contempt of a congressional committee. The indictment says he had been served with a "subpoena" which the indictment sets forth in full and which contains these words: "To the Sergeant At Arms, or His Special Messenger: You are hereby commanded to summon Joseph P. Kamp * * * to be and appear before the Special Committee to Investigate Campaign Expenditures for the House of Representatives * * * then and there to testify touching matters of inquiry committed to said Committee; and not depart without leave of said Committee; and at such time produce and bring with you the books, papers, records and documents of the Constitutional Educational League, Inc. * * *" The indictment charges that appellant willfully made default, in that he appeared before the Committee and willfully refused to produce the papers "as in the said subpoena he was commanded."

If appellant was commanded to produce papers it does not matter whether the document served on him was a subpoena. The contempt statute says nothing about subpoenas but provides that "Every person who having been summoned * * * to produce papers upon any matter under inquiry before * * * any committee of either House of Congress willfully makes default * * * shall be deemed guilty of a misdemeanor * * *" 52 Stat. 942, c. 594, R.S. § 102, 2 U.S.C.A. § 192.

Read literally, the document served on appellant may perhaps be said to have summoned or commanded the Sergeant at Arms rather than the appellant to produce papers. Appellant contends the indictment therefore fails to charge him with an offense. This contention is something like the ancient doctrine that words charged as slander were not to be interpreted in accordance with the idea they actually conveyed but "in mitiori sensu." In our day it is the idea conveyed that counts. There is no suggestion that appellant did not know a command to him was intended, or that he was prejudiced by its not being precisely expressed.

Affirmed.